UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                                              :

UNITED STATES OF AMERICA,       :

                                                  :    **MEMORANDUM DECISION AND**
         - against -                      :    **ORDER**
                                                  :

YONG LIN DONG,                    :    18-cr-396-1 (BMC)

                                                  :
                         Defendant.   :
                                                  :
----------------------------------------------------------- X

**COGAN**, District Judge.

       Defendant Yong Lin Dong, by retained counsel, seeks compassionate release or a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). I sentenced him upon his guilty plea principally to 12 months plus 1 day of incarceration for conspiring to traffic in counterfeit goods (18 U.S.C. § 2320(a)). This was substantially below his Guidelines range of 33-41 months. He has so far served just under five months.

       To prevail on this motion, defendant must demonstrate "extraordinary and compelling reasons" to reduce his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). The reasons he offers are (1) his medical conditions, coupled with the fact that he cannot communicate in English; (2) the burden his incarceration is placing on his family; (3) the COVID-19 pandemic; and (4) the staffing shortages at his facility and the fact that it is a transit hub for other facilities, thus increasing his risk of contracting COVID. None of these reasons, singly or collectively, are extraordinary or compelling.

       His medical conditions are well under control. He is a 46-year-old man with non-insulin dependent (type II) diabetes for which he takes oral medication. There is no indication of any diabetes-related health problems. He also has high blood pressure, but the records indicate that it

is being controlled with medication. In addition, like many people over 40, he has high cholesterol for which he takes a statin. All these conditions are currently asymptomatic and less severe than many others which the Bureau of Prisons regularly treats.

As for his inability to speak or understand English, the medical records reflect that he has been provided with an interpreter when needed. Finally, defendant claims that his inability to speak English, the death of his father in China shortly after he entered custody, and the effect of his incarceration on his wife and family are "causing him a great deal of stress and emotional harm, effecting [sic] both his physical and mental wellbeing." I accept defendant's proffer that he is under stress. But these allegations are entirely conclusory and do not rise to the level of extraordinary and compelling reasons.

The defendant's diabetes and hypertension increase his risk of contracting COVID-19. However, especially because the defendant is fully vaccinated against COVID-19, his underlying conditions do not amount to an extraordinary and compelling circumstance under the great weight of the caselaw. See United States v. Brown, No. 16-cr-436, 2021 WL 1154207, at *3-4 (S.D.N.Y. Mar. 26, 2021) (denying compassionate release and noting that because the defendant "will soon be fully vaccinated, any risk that he may become severely ill from COVID-19 will be reduced significantly"); United States v. Pabon, No. 17-cr-312, 2021 WL 603269, at *3 (S.D.N.Y. Feb. 16, 2021); United States v. Baeza-Vargas, --- F. Supp. 3d ----, 2021 WL 1250349, at *3 (D. Ariz. April 5, 2021) (collecting district-court cases representing a "growing consensus" that either receiving or refusing the COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances" for purposes of § 3582(c)(1)(A)). Although he still may contract the virus, the odds of him requiring hospitalization for it or dying from it are extremely remote – as of October 18, 2021, only about .02% of the fully vaccinated in the United

States suffer breakthrough cases resulting in hospitalization or death. See

https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html.

I recognize the burden that defendant's imprisonment has placed upon his family. He has established that his wife has been diagnosed with a major depressive disorder for which she has started receiving medication. It also seems clear that defendant's custody is having a deleterious effect on his family's finances. Indeed, I took his family's circumstances and the hardship incarceration would cause into account when I sentenced him far below the Guidelines range. Moreover, after sentencing, I continued his surrender date three times so he could get his affairs in order before beginning custody. There is nothing extraordinary about the effect on his family that defendant describes. See United States v. John, No. 15-cr-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020).

Finally, although defendant has produced some evidence suggesting that there is a staffing shortage at his facility, he has been moved to another facility since he filed this motion.

Because defendant has failed to demonstrate extraordinary and compelling reasons for reducing his sentence, his motion is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
October 28, 2021